UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE VAZQUEZ,

                             Plaintiff,

    v.                                                  1:18-CV-1071
                                                                     (LEK/DJS)

TINA STANDFORD, MICHAEL ASTRUE,
DAVID STUKOWY, and SAMUEL D. ROBERTS,

                             Defendants.
_____

**APPEARANCES:**

JOSE VAZQUEZ
Plaintiff *Pro Se*
122 Dickerson Street
Syracuse, New York 13204

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

      The Clerk has sent to the Court for review a complaint submitted by Plaintiff Jose Vazquez, together with an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). Plaintiff was incarcerated at Greene Correctional Facility when he filed this action, but has since been released. *See* Dkt. No. 7. Plaintiff has not paid the filing fee for this action, but by separate Order, this Court granted Plaintiff's IFP Application.

### I. SUFFICIENCY OF THE COMPLAINT

      Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that. . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner[2] seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] "Although plaintiff has been released from custody, he was incarcerated at the time he filed his complaint and so is considered a 'prisoner' under Section 1915A." *Rogers v. New York City Police Dep't*, 2012 WL 4863161, at *1 n. 3 (E.D.N.Y. Oct. 12, 2012).

plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678-79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Guidelines regarding the form of pleadings are also found in the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading

which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the

defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, the precise nature of Plaintiff's Complaint is unclear. Named as Defendants are the Chairperson of the New York State Division of Parole; the former Commissioner of the United States Social Security Administration, Michael Astrue; the Commissioner of the New York State Office of Temporary and Disability Assistance, Samuel D. Roberts; and David Stukowy, who Plaintiff alleges is "Commissioner of Human Resources" in Syracuse, New York. Compl. at pp. 2-3. The allegations of the Complaint, while including claims about unlawful parole violations and the loss of social services paperwork and information, *id.* at pp. 4-5, also include claims about assaults that allegedly took place while Plaintiff was incarcerated in New York State correctional facilities, *id.* at p. 5, and regarding the validity of his criminal convictions which date to the 1970s. *Id.* at p. pp. 7-8.

Plaintiff characterizes this action as one pursuant to Section 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The statute of limitations for such claims in New York is three years. *Gonzalez v. Hasty, 802 F.3d 212, 220 (2d Cir. 2015); Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). As noted, the Complaint

references excessive force incidents alleged to have occurred in 2011 and 2012 while Plaintiff was housed at state correctional facilities, Compl. at p. 5, and contends that his criminal conviction in the 1970s was unlawful. *Id.* at p. 8. These claims are plainly untimely in this 2018 litigation and, as a result, the Court recommends dismissing those claims with prejudice.

The remainder of Plaintiff's claims, which appear to relate to a 2017 parole violation and the purported loss of certain social services materials, while likely timely, are not set forth with sufficient clarity at this point to ascertain whether a cognizable claim has been made by Plaintiff. As noted, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. at 16. As currently set forth, however, the allegations fail to provide adequate notice regarding the legal claims Plaintiff seeks to assert against Defendants or the facts underlying those claims. It is unclear, for example, what federal constitutional or statutory right or rights have been violated or how these Defendants, in particular, may have violated those rights.

Because in its current form these allegations are not acceptable under Rules 8 and 10 and because Plaintiff's claims referencing events in 2017 or later are unclear, dismissal is

appropriate as to these claims as well. However, in light of his *pro se* status, prior to outright dismissal, it is my recommendation that Plaintiff be given an opportunity to amend his Complaint as to non-time barred claims in order to comply with the basic pleading requirements set forth above. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual/entity that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every

Defendant named in such complaint; **any Defendant not named in such pleading shall not be a Defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

## II. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915(A) the Complaint be dismissed for failure to state a claim as set forth below:

1) allegations in Plaintiff's Complaint regarding the illegality of his conviction and alleged assaults while in the custody of the Department of Corrections and Community Supervision in 2011 and 2012 be **DISMISSED WITH PREJUDICE**; and

2) the remaining allegations be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff be provided an opportunity to amend his Complaint to correct the format and properly present the facts which would support his claim for entitlement to relief; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by certified mail, return receipt requested, upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  October 9, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge