UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE VAZQUEZ,

                              Plaintiff,

      v.                                                  1:18-CV-1071
                                                         (DNH/DJS)
TINA STANDFORD, MICHAEL ASTRUE,
DAVID STUKOWY, and SAMUEL D. ROBERTS,

                              Defendants.
_____

**APPEARANCES:**

JOSE VAZQUEZ
Plaintiff *Pro Se*
74-A-0117
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

     The Complaint in this case was originally docketed on September 7, 2018. Dkt. No. 1. This Court granted Plaintiff's *in forma pauperis* application, Dkt. No. 8, and reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915(A). Based upon that review, I issued a Report-Recommendation recommending that certain claims set forth in the Complaint be dismissed with prejudice, while others be dismissed without prejudice and that Plaintiff be provided leave to amend the Complaint. Dkt. No. 9. The Report-Recommendation provided specific guidance as to the proper form for filing a Complaint. *Id.* at pp. 3-4 & 7-8. The

District Court adopted the Report-Recommendation and gave Plaintiff thirty days to file an amended complaint. Dkt. No. 10. Plaintiff was subsequently granted an extension of time to file the proposed amended complaint. Dkt. No. 14. Plaintiff then filed what was docketed as a Motion to Amend the Complaint. Dkt. No. 17. That application included two different, but clearly overlapping proposed complaints. *See* Dkt. Nos. 17 & 17-2. Given the uncertainty created by the two distinct pleadings, I denied the Motion to Amend, but afforded Plaintiff thirty more days in which to file an amended complaint. Dkt. No. 19. That Order again provided specific guidance on the requirements for a complaint as set forth in the Federal Rules of Civil Procedure. *Id.* at pp. 3-5.

Presently before the Court is Plaintiff's latest submission seeking to amend his complaint. Dkt. No 21. This submission is twenty pages in length, including two handwritten pages, a lengthy printout of Plaintiff's criminal history, and several reported court decisions, several not involving Plaintiff. *Id.* Even a cursory review of the filing makes clear that it does not constitute a complaint as provided for in the Federal Rules of Civil Procedure. It does not, for example, provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). Instead, it appears to address in individual sentences shortcomings in Plaintiff's prior pleadings, but makes no effort to set forth a complete pleading. Such "piecemeal pleading" is not permitted. *White v. Drake*, 2011 WL 4478921, at *8 (N.D.N.Y. Sept. 26, 2011); *Doggett v. Douglas*, 1998 WL 312355, at *3 (N.D.N.Y. June 8, 1998). Plaintiff's current submission, therefore, is not in

compliance with the Federal Rules of Civil Procedure and subject to dismissal under 28 U.S.C. §§ 1915(e) & 1915(A).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once if there is any indication that a valid claim might be stated." *Veronese v. Finkle*, 2011 WL 6258812, at *2 n. 1 (N.D.N.Y. Dec. 12, 2011) (citing cases).  However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases).

Here, Plaintiff has been afforded several opportunities to amend and was given specific direction as to the form and requirements for a complaint.  Dkt. Nos. 9 & 19.  Plaintiff, however, has failed in any meaningful way to address the deficiencies identified in this Court's prior decisions and his present submission does not comply with the basic pleading requirements of the Federal Rules of Civil Procedure.  In such a circumstance, dismissal with prejudice is appropriate.  *Liqiang Wei v. Hoffmann*, 2018 WL 4266129, at *1 (N.D.N.Y. Aug. 14, 2018), *report and recommendation adopted,* 2018 WL 4266039 (N.D.N.Y. Sept. 6, 2018) (denying second opportunity to amend when Amended Complaint "suffers from many of the same deficiencies as those identified" in dismissing the original complaint).  Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind

of allegations needed to establish a facially-plausible claim when []he took no steps to do so with [his] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases).

**ACCORDINGLY**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e) & 1915A for failure to state a claim; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: June 6, 2019
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).